**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | MDL No. 3076 |

**THE SILVERGATE RESPONDENTS' RESPONSE TO PETITIONERS'
MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF
FLORIDA PURSUANT TO 28 U.S.C. § 1407**

Silvergate Bank, Silvergate Capital Corporation, and Alan J. Lane (collectively, the "Silvergate Respondents") respectfully submit this response to the motion of petitioners Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol (collectively, "Petitioners") for an order, pursuant to 28 U.S.C. § 1407, transferring for consolidated or coordinated pretrial proceedings in the United States District Court for the Southern District of Florida civil actions filed in three districts following the collapse of the FTX cryptocurrency trading platform (the "Transfer Motion").

The Silvergate Respondents oppose the Transfer Motion because the three cases against them referenced in Petitioners' Schedule of Actions are already dismissed. The Transfer Motion is thus moot as them. In addition, the Silvergate Respondents oppose the transfer, under 28 U.S.C. § 1407, of any existing potential tag-along actions filed against any of them because no criteria justifying a Section 1407 transfer are present.[1]

**I.   Relevant Factual Background and Procedural History**

**A.   The Dismissed Actions Against the Silvergate Respondents**

Petitioners' Schedule of Actions (ECF No. 1-2) identifies three cases involving various

---

[1] The Silvergate Respondents request and reserve the right to respond at the appropriate time to any future attempt to transfer any known or unknown potential tag-along Silvergate Actions.

Silvergate Respondents:  (1) *Gonzalez v. Silvergate Bank, et al.* (SD. Cal. Case No. 3:22-cv-1981) (the "*Gonzalez* Action"); (2) *Zuleta, et al. v. Silvergate Capital Corporation, et al.*, (S.D. Cal. Case No. 3:22-cv-1901) (the "*Zuleta* Action"); and (3) *Husary, et al. v. Silvergate Bank, et al.*, (S.D. Cal. Case No. 3:23-cv-0038) (the "*Husary* Action").   The Court in each of *Gonzalez*, *Zuleta*, and *Husary* Actions has issued an order dismissing and closing each case.  (*See* Exs. A [*Zuleta* ECF No. 18], B [*Gonzalez* ECF No. 13], C [*Husary* ECF No. 12]).

B.    Potential Tag-Along Actions Against the Silvergate Respondents

Notices of Potential Tag-Along Litigation have been filed with respect to three separate actions filed against Silvergate Bank and Silvergate Capital in the United States District Court for the Northern District of California on February 14, 2023: (1) *Bhatia v. Silvergate Bank*, (N.D. Cal. Case No. 3:23-cv-00667); *Keane v. Silvergate Bank*, (N.D. Cal. Case No. 3:23-cv-00670); and *Magleby, et al.*, *v. Silvergate Bank, et al.*, (N.D. Cal. Case No. 3:23-cv-00669).  (ECF Nos. 9 [*Magleby* Action], 16 [*Bhatia* Action], 26-1 [*Keane* Action]).  Alan J. Lane is named as a defendant only in the *Bhatia* Action.  None of the defendants have been served with the complaint or summons in any of these actions.  An additional potential tag-along action was filed in the Southern District of Florida on February 22, 2023, titled *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, (S.D. Fla. Case No. 1:23-cv-20700) (the "*O'Keefe* Action"); *see also* ECF No. 8 [Notice of Potential Tag-Along].  The only Silvergate Respondent named as a defendant in the *O'Keefe* Action is Silvergate Bank.  Silvergate Bank has neither been served nor appeared in the *O'Keefe* Action.  The *Bhatia*, *Keane*, *Magleby*, and *O'Keefe* Actions are collectively referred to herein as the "Potential Tag-along Silvergate Actions,"

Each of the Potential Tag-along Silvergate Actions asserts claims under "aiding and abetting" theories, all arising out of Silvergate Bank deposit account relationships with Alameda

-2-

Research LLC and other "FTX" affiliated companies (collectively referred to for purposes of this brief as "FTX").

C.    <u>The Other Actions Petitioners Seek to Transfer</u>

The remaining actions (not involving the Silvergate Respondents) identified on Petitioners' Schedule of Actions (the "Other Actions") are mainly brought against two types of defendants: purported FTX "insiders," such as Samuel Bankman-Fried, and celebrities and sports figures hired by FTX as FTX "brand ambassadors." These Other Actions assert claims against FTX's brand ambassadors arising out of their marketing of FTX and FTX-related investments. The Other Actions also focus on the registration requirements surrounding FTX's yield-bearing accounts (YBAs).

## II. The Transfer Motion Should Be Denied As To The Silvergate Actions

Transfer pursuant to 28 U.S.C. § 1407 is appropriate only where: (1) the cases "involv[e] one or more common questions of fact;" *and* (2) transfer will further "the convenience of parties and witnesses;" *and* (3) transfer "will promote the just and efficient conduct of [the] actions." None of these criteria are met as to the Potential Tag-along Silvergate Actions.

A.    <u>The Transfer Motion is Moot As to The Actions Against the Silvergate<br>Respondents Listed in Petitioners' Schedule of Actions</u>

Each action against the Silvergate Respondents listed in Petitioners' Schedule of Actions—the *Gonzalez*, *Zuleta*, and *Husary* Actions—is now dismissed and closed. The Transfer Motion is moot as to them. *See* Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("MDL Rules"), Rule 6.1(f) (requiring counsel to promptly notify the Clerk of the Panel of any development that would partially or completely moot any Panel matter); *In re Banc of Am. Inv. Servs., Overtime Pay Litig.*, 466 F. Supp. 2d 1353, n. 1 (J.P.M.L. 2006) (noting that voluntarily

dismissal of additional action rendered the motion to transfer pursuant to 28 U.S.C. § 1407 moot as to that action).

> B.   Transfer of the Potential Tag-Along Silvergate Actions Is Not Appropriate Because They Do Not Share Any Common Questions of Fact with the Other Actions

Petitioners' opening brief contains just one short paragraph addressing the now-dismissed *Gonzalez* Action.  (ECF No. 1-1 at p. 8).  Petitioners state that the *Gonzalez* Action alleges that Silvergate Bank "directly aided and abetted FTX's fraud and breaches of fiduciary duty via first-hand participation in the commingling of funds, improper transfers, and lending out of customer money." *Id*.  On its face, Silvergate Bank's alleged conduct does not arise out of the "same events" at the heart of the Other Actions, which Petitioners describe as "FTX's business practices in Miami and those of related individuals and entities that promoted the platform and the unregistered securities it offered and sold." [2]  (*Id.* at p. 9).

Instead, the Potential Tag-along Silvergate Actions advance "aiding and abetting" theories against the Silvergate Respondents based on alleged banking related activities and regulatory obligations.   The tort's elements are: (1) actual knowledge of the underlying wrongdoing; and (2) substantial assistance despite that actual knowledge.[3]   *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (2005); *Nielson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118 (C.D. Cal. 2003).   The Silvergate Actions theorize that Silvergate Bank possessed actual

---

[2]   The Silvergate Respondents are not alleged to have had (and had) no role in encouraging FTX investors to invest funds on FTX's platform.

[3]   The Silvergate Respondents are not aware of the transfer pursuant to 28 U.S.C. § 1407 of any cases involving claims of aiding and abetting in connection with an allegedly fraudulent financial scheme.   The result is unsurprising, as the key issues in such cases are: (1) the defendant's knowledge of the underlying wrongdoing; and (2) each particular defendant's substantial assistance thereof.   These are naturally factual questions unique to each defendant and thus not suitable for coordination or consolidation with actions against other defendants alleged to have different roles in connection with the scheme.

knowledge of FTX's financial misconduct to the extent it was effectuated through accounts maintained by FTX at Silvergate Bank, but Silvergate Bank "did nothing" to stop FTX, thereby allegedly providing "substantial assistance" to FTX to carry out its scheme. (*Bhatia* Complaint, ¶ 5; *see also Keane* Complaint, ¶ 3; *Magleby* Complaint, ¶ 173; *O'Keefe* Complaint, ¶¶ 69, 201). Silvergate Bank's alleged knowledge is based largely on Silvergate Bank's account monitoring duties under the Bank Secrecy Act and Anti-Money Laundering Rules (BSA/AML), and other rules and regulations applicable to financial institutions. According to plaintiffs, because Silvergate Bank engaged in a Know-Your-Customer analysis of FTX and monitored accounts for suspicious activity under BSA/AML rules, it knew about FTX's alleged misuse of customer funds to the extent such misuse took place within FTX accounts maintained at Silvergate Bank. (*See Bhatia* Complaint, ¶ 37, 57; *Keane* Complaint, ¶ 106, 137; *Magleby* Complaint, ¶ 150; *O'Keefe* Complaint, ¶¶ 72, 73). Thus, the core liability allegations against the Silvergate Respondents concern the information obtained by Silvergate Bank in discharging its federal regulatory obligations. None of the Other Actions involve similar factual issues. Indeed, Petitioners do not identify a single actual "overlapping factual issue[]" between the Potential Tag-along Silvergate Actions and the Other Actions. Importantly, there is no showing by Petitioners that any underlying misconduct by FTX will likely be a disputed issue in the Potential Tag-along Silvergate Actions.

Petitioners' reliance on *In re January 2021 Short Squeeze Trading Litig.*, MDL 2989, 2021 WL 1258399, 2021 U.S. Dist. LEXIS 68076 (J.P.M.L. 2021) is misplaced. As a preliminary matter, there, a "majority of responding plaintiffs" and "[a]ll responding defendants" supported centralization. *Id.* at *1. Additionally, the common question concerned trading restrictions imposed by "online trading platforms" and the trading platform Robinhood, which the Panel found was at the "center of this controversy," was named as a defendant in all but five of the fifty-four

actions, and the defendants in those five actions were named as defendants in several other actions along with Robinhood.  *Id.*, at *5.  Here, nothing connects any alleged conduct by the Silvergate Respondents to the conduct of any other party.  Indeed, there are *no* common parties or counsel between the Potential Tag-along Silvergate Actions and Other Actions.

The lack of common issues of fact compels denial of the Transfer Motion with respect to the Potential Tag-along Silvergate Actions.  *See In re United Gas Pipe Line Co. Litig.*, 391 F. Supp. 774 (J.P.M.L 1975) (denying pipeline company's Section 1407 motion to transfer where court on reviewing complaints found that actions involved few, if any, common questions of fact, and that various allegations of breach of contract gave rise to factual issues predominantly unique to each particular plaintiff's relationship with defendant.")

C.    <u>Transfer of the Potential Tag-Along Silvergate Actions Would Unduly Inconvenience the Parties and Witnesses</u>

Transfers to a district for coordinated or consolidated pretrial proceedings must be based upon a "determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407; *see In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Equity Funding Corp. of Am. Sec. Litig.*, 375 F. Supp. 1378, 1395 (J.P.M.L. 1973) (considering place of residence of defendant in determining convenient transferee forum).

Here, all of the Silvergate Respondents are located in Southern California.  Silvergate Bank is a California corporation with its principal place of business in La Jolla, California (2,600+ miles away from Miami).  (*Bhatia* Complaint, ¶ 8).  Silvergate Capital Corporation is a Maryland corporation with its principal place of business in La Jolla, California.  (*Id.*, ¶ 9).  Alan J. Lane,

Christopher M. Lane, Tyler J. Pearson and Jason Brenier are all individuals who are citizens of and residing in California.  Moreover, *none* of the Silvergate Respondents' alleged conduct took place in or emanates from Florida.  *None* of the parties to the Potential Tag-along Silvergate Actions (plaintiffs included) are located in Florida.

Petitioners state in a conclusory fashion that centralization "will save Plaintiffs and Defendants the burden of having to prosecute and defend competing and overlapping class actions in multiple federal districts across the country."  (ECF No. 1-1 at p. 10).  While Petitioners' boilerplate contentions regarding "competing" or "overlapping" discovery may hold true with respect to the Other Actions, that reasoning does not apply with respect to the Silvergate Actions. As noted above, none of the parties or counsel in the Silvergate Actions are parties or counsel in any of the other Actions.  Also, the Silvergate Respondents are unlikely to be witnesses in any of the Other Actions, and the brand ambassador defendants in the Other Actions are unlikely to be witnesses in the Silvergate Actions.  In short, Section 1407 transfer of the Potential Tag-along Silvergate Actions would not only *not* be more convenient for any of the parties to the Potential Tag-along Silvergate Actions, but would only make litigating those matters more inefficient and costly for all parties involved.

   D. <u>Transfer of the Potential Tag-Along Silvergate Actions Would Not Promote Just and Efficient Resolution</u>

In addition to the lack of common factual questions, a Section 1407 transfer of the Potential Tag-along Silvergate Actions is not appropriate because they involve different legal questions, and so transfer would not promote just and efficient resolution.  Furthermore, as noted above, the Silvergate Respondents are unlikely to be witnesses in any of the Other Actions, and the brand ambassador defendants in the Other Actions are unlikely to be witnesses in the Silvergate Actions, underscoring the lack of overlapping factual issues.  And, although Centralization is appropriate

where it would help avoid inconsistent pretrial rulings, Petitioners do not identify *any* pretrial rulings in the Silvergate Actions that are likely to render inconsistent results in the Other Actions, nor vice versa.

A significant legal issue in the Other Actions is whether the FTX YBAs constituted securities that were required to be registered with securities regulators.  (ECF No. 1-1, at p. 7).  The "first-filed" *Garrison* Action, for example, identifies as the first two "questions of law and fact" in that action: (1) whether the YBAs were unregistered securities under federal or Florida law; and (2) whether defendants' participation and/or actions in FTX's offerings and sales of YBAs violate the provisions of the Securities Act and Florida securities law.  (*Garrison* Action, ¶ 237).  The *Hawkins* Complaint likewise identifies as a key question "whether the YBAs were unregistered securities under federal or applicable law" (*Harrison* Complaint, ¶ 50).  Indeed, the plaintiffs in the *Norris* action have already briefed and filed a motion for partial summary judgment on that issue.  (*Id*.)  The registration requirements surrounding YBAs are not at issue in any of the Silvergate Actions.  Nor do the Silvergate Defendants possess any relevant discovery on that issue.

Petitioners also emphasize throughout their moving papers their reliance on one of the "preeminent and most highly regarded cryptocurrency expert witness firms." (ECF No. 1-1 at pp. 3, 6, 7).  The Silvergate Actions likely would not involve – much less turn on – any "expert" testimony regarding cryptocurrency.  Instead, the Silvergate Actions would likely involve expert testimony pertaining to a financial institution's BSA/AML obligations – an issue unlikely to be at the forefront of any of the Other Actions.

### III.   Conclusion

For the foregoing reasons, the Silvergate Respondents respectfully request that the Panel deny the Transfer Motion as to the Silvergate Actions.

Dated: March 10, 2023        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____ */s/ Polly Towill* _____

*Counsel to Silvergate Respondents Silvergate Bank, Silvergate Capital Corporation, Alan J. Lane*

# EXHIBIT A

Query    Reports    Utilities    Help    Log Out

CLOSED,LNO

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:22-cv-01901-BEN-WVG

Sepulveda Zuleta et al v. Silvergate Capital Corporation et al
Assigned to: Judge Roger T. Benitez
Referred to: Magistrate Judge William V. Gallo
Related Cases: 3:23-cv-00038-BEN-WVG
              3:22-cv-01981-BEN-WVG
Cause: 28:1453 Class Action Fairness Act

Date Filed: 12/01/2022
Date Terminated: 02/10/2023
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Jose Tomas Sepulveda Zuleta**
*on behalf of themselves and all others
similarly situated*

represented by **Caroline S. Emhardt**
Fitzgerald Joseph LLP
2341 Jefferson Street
Suite 200
San Diego, CA 92110
619-215-1741
Email: caroline@fitzgeraldjoseph.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack Fitzgerald**
Fitzgerald Joseph LLP
2341 Jefferson Street
Suite 200
San Diego, CA 92110
619-215-1741
Fax: 619-331-2943
Email: jack@fitzgeraldjoseph.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M. Davis , IV**
Casey Gerry LLP
110 Laurel Street
San Diego, CA 92101
619-238-1811
Fax: 619-544-9232
Email: jdavis@cglaw.com *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melanie Rae Persinger**
Fitzgerald Joseph LLP
2341 Jefferson Street
Suite 200

San Diego, CA 92110
619-215-1741
Email: melanie@fitzgeraldjoseph.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul K. Joseph**
Fitzgerald Joseph LLP
2341 Jefferson Street
Suite 200
San Diego, CA 92110
619-215-1741
Email: paul@pauljosephlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Joseph O'Reardon , II**
Blood Hurst & O'Reardon, LLP
501 West Broadway
Suite 1490
San Diego, CA 92101
(619) 338-1100
Fax: (619) 338-1101
Email: toreardon@bholaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy G. Blood**
Blood Hurst & O'Reardon, LLP
501 West Broadway
Suite 1490
San Diego, CA 92101
(619) 338-1100
Fax: (619) 338-1101
Email: tblood@bholaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Matthew Flynn**
Fitzgerald Joseph, LLP
2341 Jefferson Street
Suite 200
San Diego, CA 92110
619-215-1741
Email: trevor@fitzgeraldjoseph.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Lehrer**                    represented by  **Caroline S. Emhardt**
*on behalf of themselves and all others*              (See above for address)
*similarly situated*                                  *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Jack Fitzgerald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M. Davis , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melanie Rae Persinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul K. Joseph**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Joseph O'Reardon , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy G. Blood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Matthew Flynn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tristan Newman**
*on behalf of themselves and all others
similarly situated*

represented by  **Caroline S. Emhardt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack Fitzgerald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M. Davis , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melanie Rae Persinger**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Paul K. Joseph**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Joseph O'Reardon , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy G. Blood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Matthew Flynn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Silvergate Capital Corporation**                   represented by   **Polly Towill**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Street
43rd Floor
Los Angeles, CA 90071
(213) 617-5480
Fax: (213) 620-1398
Email: ptowill@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Landry**
Sheppard Mullin Richter & Hampton
333 South Hope Street
43rd Floor
Los Angeles, CA 90071
213-620-1780
Fax: 213-620-1398
Email: jlandry@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
Sheppard Mullin Richter & Hampton
333 S. Hope Street
43rd Floor
Los Angeles, CA 90071
213-620-1780
Fax: 213-620-1398

Email: mmacarr@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan J. Lane**                                   represented by **Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Landry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher M. Lane**                            represented by **Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Landry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyler J. Pearson**                               represented by **Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Landry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Brenier**                                  represented by **Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Landry**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2022 | 1 | COMPLAINT with Jury Demand against Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation ( Filing fee $402 receipt number ACASDC-17389898.), filed by Jose Tomas Sepulveda Zuleta, Tristan Newman, Michael Lehrer. (Attachments: # 1 Civil Cover Sheet) The new case number is 3:22-cv-1901-L-AGS. Judge M. James Lorenz and Magistrate Judge Andrew G. Schopler are assigned to the case. (Fitzgerald, Jack)(cxl1) (rmc). (Entered: 12/02/2022) |
| 12/02/2022 | 2 | Summons Issued. **Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (cxl1) (rmc). (Entered: 12/02/2022) |
| 12/05/2022 | 3 | SUMMONS Returned Executed by Jose Tomas Sepulveda Zuleta, Tristan Newman, Michael Lehrer. Silvergate Capital Corporation served. (Flynn, Trevor) (cxl1). (Entered: 12/05/2022) |
| 12/05/2022 | 4 | SUMMONS Returned Executed by Jose Tomas Sepulveda Zuleta, Tristan Newman, Michael Lehrer. Tyler J. Pearson served. (Flynn, Trevor) (cxl1). (Entered: 12/05/2022) |
| 12/14/2022 | 5 | SUMMONS Returned Executed by Jose Tomas Sepulveda Zuleta, Tristan Newman, Michael Lehrer. Christopher M. Lane served. (Flynn, Trevor) (cxl1). (Entered: 12/14/2022) |
| 12/16/2022 | 6 | NOTICE of Appearance *of Polly Towill* by Polly Towill on behalf of Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation (Towill, Polly)Attorney Polly Towill added to party Jason Brenier(pty:dft), Attorney Polly Towill added to party Alan J. Lane(pty:dft), Attorney Polly Towill added to party Christopher M. Lane(pty:dft), Attorney Polly Towill added to party Tyler J. Pearson(pty:dft), Attorney Polly Towill added to party Silvergate Capital Corporation(pty:dft) (cxl1). (Entered: 12/16/2022) |
| 12/16/2022 | 7 | NOTICE of Appearance *of John Landry* by John Michael Landry on behalf of Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation (Landry, John)Attorney John Michael Landry added to party Jason Brenier(pty:dft), Attorney John Michael Landry added to party Alan J. Lane(pty:dft), Attorney John Michael Landry added to party Christopher M. Lane(pty:dft), Attorney John Michael Landry added to party Tyler J. Pearson(pty:dft), Attorney John Michael Landry added to party Silvergate Capital Corporation(pty:dft) (cxl1). (Entered: 12/16/2022) |
| 12/16/2022 | 8 | Corporate Disclosure Statement by Silvergate Capital Corporation. No Corporate Parents/Interested Parties. (Towill, Polly) (cxl1). (Entered: 12/16/2022) |
| 12/16/2022 | 9 | Joint MOTION for Extension of Time to File Answer re 1 Complaint, by Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation. (Towill, Polly) (cxl1). (Entered: 12/16/2022) |
| 12/16/2022 | 10 | NOTICE of Appearance by Madalyn Annabel Macarr on behalf of Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation (Macarr, Madalyn)Attorney Madalyn Annabel Macarr added to party Jason Brenier(pty:dft), |

| | | Attorney Madalyn Annabel Macarr added to party Alan J. Lane(pty:dft), Attorney Madalyn Annabel Macarr added to party Christopher M. Lane(pty:dft), Attorney Madalyn Annabel Macarr added to party Tyler J. Pearson(pty:dft), Attorney Madalyn Annabel Macarr added to party Silvergate Capital Corporation(pty:dft) (cxl1). (Entered: 12/16/2022) |
|---|---|---|
| 12/19/2022 | 11 | ORDER granting 9 Joint Motion to Extend Deadline for Defendants to Respond to the Class Action Complaint. Signed by Judge M. James Lorenz on 12/19/2022. Defendants shall have five (5) extra pages for their consolidated response, and Plaintiffs shall have five (5) extra pages to oppose. (All non-registered users served via U.S. Mail Service)(cxl1) (Entered: 12/19/2022) |
| 12/21/2022 | 12 | SUMMONS Returned Executed by Jose Tomas Sepulveda Zuleta, Tristan Newman, Michael Lehrer. Alan J. Lane served. (Flynn, Trevor) (cxl1). (Entered: 12/21/2022) |
| 12/21/2022 | 13 | CERTIFICATE OF SERVICE by Jason Brenier, Alan J. Lane, Christopher M. Lane, Tyler J. Pearson, Silvergate Capital Corporation *Declaration of Service re Notice of Appearance of Madalyn A. Macarr* (Macarr, Madalyn) (cxl1). (Entered: 12/21/2022) |
| 01/18/2023 | 14 | MINUTE ORDER OF RECUSAL. Judge M. James Lorenz is no longer assigned. Case reassigned to District Judge Ruth Bermudez Montenegro and District Judge Ruth Bermudez Montenegro for all further proceedings. The new case number is 22cv1901-RBM-AGS.(no document attached) (maq) (anh). (Entered: 01/18/2023) |
| 01/20/2023 | 15 | NOTICE OF RELATED CASE(S) by Michael Lehrer, Tristan Newman, Jose Tomas Sepulveda Zuleta of case(s) 22-cv-1981-BEN-WVG & 23-CV-38-CAB-AHG . (Fitzgerald, Jack) (jpp). (Entered: 01/20/2023) |
| 02/03/2023 | 16 | ORDER OF TRANSFER PURSUANT TO LOW NUMBER RULE. Case reassigned to Judge Roger T. Benitez and Magistrate Judge William V. Gallo for all further proceedings. District Judge Ruth Bermudez Montenegro, Magistrate Judge Andrew G. Schopler no longer assigned to case. The new case number is 22CV1901-BEN-WVG.. Signed by District Judge Ruth Bermudez Montenegro on 2/3/2023. Signed by Judge Roger T. Benitez on 2/3/2023.(All non-registered users served via U.S. Mail Service)(alns) (Entered: 02/06/2023) |
| 02/09/2023 | 17 | NOTICE of Voluntary Dismissal by Michael Lehrer, Tristan Newman, Jose Tomas Sepulveda Zuleta (Fitzgerald, Jack) (ddf). (Entered: 02/09/2023) |
| 02/10/2023 | 18 | MINUTE ORDER: This matter is dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure due to the plaintiff filing of their Voluntary Dismissal. ECF No. 17 (no document attached) (ddf) (Entered: 02/10/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/03/2023 09:43:21 | | |
| **PACER Login:** | SMRHFirmUser | **Client Code:** | 0003-000003 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01901-BEN-WVG |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# EXHIBIT B

Query    Reports    Utilities    Help    Log Out

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:22-cv-01981-BEN-WVG

Gonzalez v. Silvergate Bank et al
Assigned to: Judge Roger T. Benitez
Referred to: Magistrate Judge William V. Gallo
Related Cases: 3:23-cv-00038-BEN-WVG
              3:22-cv-01901-BEN-WVG
Cause: 28:1332fd Diversity-Breach of Fiduciary Duty

Date Filed: 12/14/2022
Date Terminated: 02/13/2023
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Joewy Gonzalez**
*on behalf of all others similarly situated*

represented by **Adam E. Polk**
Girard Sharp LLP
601 California Street
Suite 1400
San Francisco, CA 94108
415-981-4800
Email: apolk@girardsharp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Girard**
Girard Sharp LLP
601 California Street
Suite 1400
San Francisco, CA 94108
415-981-4800
Fax: 415-981-4846
Email: dgirard@girardsharp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason S Hartley**
Hartley LLP
101 West Broadway
Suite 820
San Diego, CA 92101
(619) 400-5822
Fax: 619-400-5832
Email: hartley@hartleyllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason M. Lindner**
Stueve Siegel Hanson LLP
550 West C Street

Suite 610
San Diego, CA 92101
(619) 400-5822
Fax: (619) 400-5832
Email: lindner@stuevesiegel.com *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Makenna Cox**
Suite 1400
601 California Street
Suite 1400
San Francisco, CA 94108
415-981-4800
Email: mcox@girardsharp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Silvergate Bank**                    represented by **John Michael Landry**
Sheppard Mullin Richter & Hampton
333 South Hope Street
43rd Floor
Los Angeles, CA 90071
213-620-1780
Fax: 213-620-1398
Email: jlandry@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
Sheppard Mullin Richter & Hampton
333 S. Hope Street
43rd Floor
Los Angeles, CA 90071
213-620-1780
Fax: 213-620-1398
Email: mmacarr@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Polly Towill**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Street
43rd Floor
Los Angeles, CA 90071
(213) 617-5480
Fax: (213) 620-1398
Email: ptowill@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Silvergate Capital Corporation**                represented by   **John Michael Landry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan J. Lane**                represented by   **John Michael Landry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madalyn Annabel Macarr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Polly Towill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2022 | 1 | COMPLAINT With Jury Demand Against Silvergate Bank, Silvergate Capital Corporation, Alan J. Lane (Filing fee $402.00 receipt number ACASDC-17423842.), filed by Joewy Gonzalez. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:22-cv-1981-BEN-WVG. Judge Roger T. Benitez and Magistrate Judge William V. Gallo are assigned to the case. (Girard, Daniel C.)(mjw)(jrd) (Entered: 12/14/2022) |
| 12/14/2022 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (mjw)(jrd) (Entered: 12/14/2022) |
| 12/20/2022 | 3 | NOTICE of Appearance *of Polly Towill* by Polly Towill on behalf of Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation (Towill, Polly)Attorney Polly Towill added to party Alan J. Lane(pty:dft), Attorney Polly Towill added to party Silvergate Bank(pty:dft), Attorney Polly Towill added to party Silvergate Capital Corporation(pty:dft) (ddf). (Entered: 12/20/2022) |
| 12/20/2022 | 4 | NOTICE of Appearance *of John Landry* by John Michael Landry on behalf of Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation (Landry, John)Attorney John |

| | | |
|---|---|---|
| | | Michael Landry added to party Alan J. Lane(pty:dft), Attorney John Michael Landry added to party Silvergate Bank(pty:dft), Attorney John Michael Landry added to party Silvergate Capital Corporation(pty:dft) (ddf). (Entered: 12/20/2022) |
| 12/20/2022 | 5 | NOTICE of Appearance *of Madalyn A. Macarr* by Madalyn Annabel Macarr on behalf of Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation (Macarr, Madalyn)Attorney Madalyn Annabel Macarr added to party Alan J. Lane(pty:dft), Attorney Madalyn Annabel Macarr added to party Silvergate Bank(pty:dft), Attorney Madalyn Annabel Macarr added to party Silvergate Capital Corporation(pty:dft) (ddf). (Entered: 12/20/2022) |
| 12/20/2022 | 6 | Joint MOTION for Extension of Time to File Response/Reply as to 1 Complaint, */Joint Motion to Extend Defendants' Deadline to Respond to the Class Action Complaint* by Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation. (Attachments: # 1 [Proposed] Order Granting Joint Motion to Extend Defendants' Deadline to Respond to the Class Action Complaint, # 2 Notice Defendant Silvergate Capital Corporation's Notice of Parties With Financial Interest Per Civil Local Rule 40.2 and Rule 7.1 of the Federal Rules of Civil Procedure)(Macarr, Madalyn) QC Mailer re Document contains wrong signature (ddf). (Entered: 12/20/2022) |
| 12/21/2022 | 7 | NOTICE OF WITHDRAWAL OF DOCUMENT by Silvergate Capital Corporation, Silvergate Bank, Alan J. Lane */Withdrawal of Documents Filed as Docket Numbers 6, 6-1 and 6-2.* (Macarr, Madalyn) (ddf). (Entered: 12/21/2022) |
| 12/21/2022 | 8 | Joint MOTION for Extension of Time to File Response/Reply as to 1 Complaint, */Joint Motion to Extend Defendants' Deadline to Respond to the Class Action Complaint* by Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation. (Towill, Polly) (ddf). (Entered: 12/21/2022) |
| 12/21/2022 | 9 | NOTICE of Party With Financial Interest by Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation re 8 Joint MOTION for Extension of Time to File Response/Reply as to 1 Complaint, */Joint Motion to Extend Defendants' Deadline to Respond to the Class Action Complaint /Defendant Silvergate Capital Corporation's Notice of Parties With Financial Interest Per Civil Local Rule 40.2 and Rule 7.1 of the Federal Rules of Civil Procedure.* No Parties With Financial Interest. (Towill, Polly) (ddf). (Entered: 12/21/2022) |
| 12/21/2022 | 10 | NOTICE OF RELATED CASE(S) by Joewy Gonzalez of case(s) 3:22-cv-01901-L-AGS . (Girard, Daniel) (ddf). (Entered: 12/21/2022) |
| 12/27/2022 | 11 | ORDER Granting Joint Motion For Extension Of Time To Respond To Complaint [ECF No. 8 ]. Signed by Judge Roger T. Benitez on 12/27/2022. (ddf) (Entered: 12/27/2022) |
| 02/10/2023 | 12 | NOTICE of Voluntary Dismissal by Joewy Gonzalez (Polk, Adam) (ddf). (Entered: 02/10/2023) |
| 02/13/2023 | 13 | MINUTE ORDER: This matter is dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure due to the plaintiff filing of their Voluntary Dismissal. ECF No. 12 (no document attached) (ddf) (Entered: 02/13/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/03/2023 09:40:52 | | |
| **PACER Login:** | SMRHFirmUser | **Client Code:** | 0003-000003 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01981-BEN-WVG |

-22-

| Billable Pages: | 4 | Cost: | 0.40 |
| --- | --- | --- | --- |

# EXHIBIT C

CLOSED,LNO

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:23-cv-00038-BEN-WVG

| | |
|---|---|
| Husary et al v. Silvergate Bank et al | Date Filed: 01/09/2023 |
| Assigned to: Judge Roger T. Benitez | Date Terminated: 02/10/2023 |
| Referred to: Magistrate Judge William V. Gallo | Jury Demand: Plaintiff |
| Demand: $5,000,000 | Nature of Suit: 370 Other Fraud |
| Related Cases: 3:22-cv-01901-BEN-WVG | Jurisdiction: Diversity |
| 3:22-cv-01981-BEN-WVG | |
| Cause: 28:1332fr Diversity-Fraud | |

**Plaintiff**

**Andrawes Husary**
*on behalf of themselves and all others
similarly situated*

represented by  **Isabella Martinez**
Reiser Law PC
1475 North Broadway
Suite 300
Walnut Creek, CA 94596
925-256-0400
Email: isabella@reiserlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Jason S Hartley**
Hartley LLP
101 West Broadway
Suite 820
San Diego, CA 92101
(619) 400-5822
Fax: 619-400-5832
Email: hartley@hartleyllp.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Jason Kenneth Kellogg**
Levine Kellogg Lehman Schneider &
Grossman
Miami Tower
100 SE 2nd Street
36th Floor
Miami, FL 33131
305-403-8788
Email: jk@lklsg.com
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**Jason M. Lindner**
Stueve Siegel Hanson LLP
550 West C Street
Suite 610
San Diego, CA 92101
(619) 400-5822
Fax: (619) 400-5832
Email: lindner@stuevesiegel.com *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcelo Diaz-Cortes**
Levine Kellogg Lehman Schneider &
Grossman LLP
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
305-403-8788
Email: md@lklsg.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Whitacre Reiser**
Reiser Law PC
1475 North Broadway
Suite 300
Walnut Creek, CA 94596
925-256-0400
Email: matthew@reiserlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Reiser**
Law Office of Michael Reiser
961 Ygnacio Valley Road
Walnut Creek, CA 94596
925-256-0400
Fax: 925-476-0304
Email: michael@reiserlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria J. Wilson**
Levine Kellogg Lehman Schneider
Grossman
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
305-403-8788
Fax: 305-403-8789
Email: vjw@lklsg.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Francisco De Tomaso**
*on behalf of themselves and all others
similarly situated*

represented by **Isabella Martinez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason S Hartley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Kenneth Kellogg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Lindner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcelo Diaz-Cortes**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Whitacre Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria J. Wilson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Soham Bhatia**
*on behalf of themselves and all others
similarly situated*

represented by **Isabella Martinez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason S Hartley**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Kenneth Kellogg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Lindner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcelo Diaz-Cortes**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Whitacre Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria J. Wilson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Hawwa**                          represented by  **Isabella Martinez**
*on behalf of themselves and all others*                   (See above for address)
*similarly situated*                                       *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jason S Hartley**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jason Kenneth Kellogg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

**Jason M. Lindner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcelo Diaz-Cortes**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Whitacre Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Reiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria J. Wilson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Silvergate Bank**

**Defendant**

**Silvergate Capital Corporation**

**Defendant**

**Alan J. Lane**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2023 | 1 | COMPLAINT with Jury Demand against Alan J. Lane, Silvergate Bank, Silvergate Capital Corporation ( Filing fee $ 402 receipt number ACASDC-17481760.), filed by Soham Bhatia, Andrawes Husary, Michael Hawwa, Francisco De Tomaso. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:23-cv-38-CAB-AHG. Judge Cathy Ann Bencivengo and Magistrate Judge Allison H. Goddard are assigned to the case. (Hartley, Jason)(ggv) (sjt). (Entered: 01/09/2023) |
| 01/09/2023 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (ggv) (Entered: 01/09/2023) |

| 01/10/2023 | 3 | NOTICE OF RELATED CASE(S) by Soham Bhatia, Francisco De Tomaso, Michael Hawwa, Andrawes Husary of case(s) 22-cv-1981; 22-cv-1901 . (Hartley, Jason) (anh). (Entered: 01/10/2023) |
|---|---|---|
| 01/11/2023 | 4 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17488852.) (Application to be reviewed by Clerk.) (Wilson, Victoria) (Entered: 01/11/2023) |
| 01/11/2023 | 5 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17489084.) (Application to be reviewed by Clerk.) (Kellogg, Jason) (Entered: 01/11/2023) |
| 01/11/2023 | 6 | PRO HAC APPROVED: Victoria J. Wilson, Jason Kenneth Kellogg appearing for Plaintiffs Soham Bhatia, Francisco De Tomaso, Michael Hawwa, Andrawes Husary (no document attached) (jrm) (Entered: 01/11/2023) |
| 01/12/2023 | 7 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17491140.) (Application to be reviewed by Clerk.) (Diaz-Cortes, Marcelo) (Entered: 01/12/2023) |
| 01/12/2023 | 8 | PRO HAC APPROVED: Marcelo Diaz-Cortes appearing for Plaintiffs Soham Bhatia, Francisco De Tomaso, Michael Hawwa, Andrawes Husary (no document attached) (jrm) (Entered: 01/12/2023) |
| 01/24/2023 | 9 | ORDER OF TRANSFER PURSUANT TO LOW NUMBER RULE. Case reassigned to District Judge Ruth Bermudez Montenegro and Magistrate Judge Andrew G. Schopler for all further proceedings. Judge Cathy Ann Bencivengo and Magistrate Judge Allison H. Goddard no longer assigned to case. Create association to 3:22-cv-01901-RBM-AGS. The new case number is 23-cv-00038-RBM-AGS.. Signed by Judge Cathy Ann Bencivengo on 1/24/2023. Signed by Judge Ruth Bermudez Montenegro on 1/23/2023.(anh) (Entered: 01/24/2023) |
| 02/03/2023 | 10 | ORDER OF TRANSFER PURSUANT TO LOW NUMBER RULE. Case reassigned to Judge Roger T. Benitez and Magistrate Judge William V. Gallo for all further proceedings. District Judge Ruth Bermudez Montenegro, Magistrate Judge Andrew G. Schopler no longer assigned to case. The new case number is 23CV0038-BEN-WVG.. Signed by District Judge Ruth Bermudez Montenegro on 2/3/2023. Signed by Judge Roger T. Benitez on 2/3/2023.(All non-registered users served via U.S. Mail Service)(alns) (Entered: 02/06/2023) |
| 02/09/2023 | 11 | NOTICE of Voluntary Dismissal by Soham Bhatia, Francisco De Tomaso, Michael Hawwa, Andrawes Husary (Wilson, Victoria) (ddf). (Entered: 02/09/2023) |
| 02/10/2023 | 12 | MINUTE ORDER: This matter is dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure due to the plaintiff filing of their Voluntary Dismissal. ECF No. 11 (no document attached) (ddf) (Entered: 02/10/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/03/2023 09:42:05 | | | |
| **PACER Login:** | SMRHFirmUser | **Client Code:** | 0003-000003 |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-00038-BEN-WVG |

| **Billable Pages:** | 6 | **Cost:** | 0.60 |
| --- | --- | --- | --- |